**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4174**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY T. ANDERSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-76)

———————

Submitted: August 1, 2005         Decided: August 12, 2005

———————

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony T. Anderson pled guilty to conspiracy to distribute for remuneration a quantity of marijuana in violation of 21 U.S.C. § 846 (2000). Anderson was sentenced to seventy-seven months of imprisonment. He appeals the reasonableness of his sentence but does not challenge his conviction. We affirm.

Anderson argues that the sentence imposed by the district court was unreasonable. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the Guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. See Hughes, 401 F.3d at 546 (applying Booker on plain error review). If that

sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47.

This appeal does not raise any issue of a violation of the Sixth Amendment, as explicated in Booker, nor is there an issue of the application of the Guidelines in a mandatory, rather than advisory fashion because the district court applied the Guidelines as advisory.  We find the district court carefully considered the advisory Guidelines and, specifically, the factors of § 3553(a) in sentencing Anderson.  Because the district court sentenced him within--in fact at the low end of--the Guidelines and well within the statutory limits,[*] we find the sentence is reasonable.

Accordingly, we affirm the conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The maximum penalty for Anderson's offense was ten years of imprisonment.  See 21 U.S.C. § 841(b)(1)(D).

- 3 -